**Exhibit 1**

**Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RS FIT NW LLC, | Case No. 20-11568 (KBO) |
| Reorganized Debtor.[1] | |

**STIPULATION TO LIMITED RELIEF FROM THE PLAN INJUNCTION**
**WITH RESPECT TO COMMERICAL GENERAL LIABILITY INSURANCE POLICY**

This stipulation (the "Stipulation") is entered into by and among the Reorganized Debtors and Soon Kim ("Claimant" and, together with the Reorganized Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**Recitals**

A. WHEREAS, on December 22, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Confirming First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors, and (II) Granting Related Relief* [Docket No. 1508] (the "Confirmation Order") confirming the *First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors* attached as **Exhibit A** to the Confirmation Order (the "Plan")[2];

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is RS FIT NW LLC (9372). By order dated March 16, 2021 [RS FIT Docket No. 7], the remaining reorganized debtor affiliates' (the "Reorganized Debtors") chapter 11 cases were closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Confirmation Order or the Plan, as applicable.

B.  WHEREAS, all conditions precedent to consummation of the Plan were either satisfied or waived in accordance with Article IX of the Plan such that the Plan became effective on December 29, 2020, and as a result, the Plan has been substantially consummated. (*See Notice of Effective Date, and Entry of Order (I) Confirming First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1551]);

C.  WHEREAS, pursuant to the Confirmation Order and Article VIII.F of the Plan, and unless provided otherwise in the Confirmation Order and Plan, all holders of claims and interests in 24 Hour Fitness Worldwide, Inc. and its debtor affiliates (each a "Debtor," and collectively the "Debtors") are permanently enjoined from taking any actions, including commencing or continuing, directly or indirectly, any action or proceeding on account of or in connection with such claim or interest against the Reorganized Debtors (and other parties specified in the Plan and Confirmation Order), and from recovering any judgment, award, decree, or order on account of such claim or interest against the Reorganized Debtors (and other parties specified in the Plan and Confirmation Order) (the "Plan Injunction");

D.  WHEREAS the Reorganized Debtors purchased a commercial general liability insurance policy from Everest National Insurance Company, which policy was issued for the period from January 1, 2020 to January 1, 2021 (the "Policy");

E.  WHEREAS the Policy contains a self-insured retention ("SIR") limit of $3,000,000, applicable to defense costs and loss;

F.  WHEREAS during the pendency of these chapter 11 cases, counsel on behalf of Claimant filed two proofs of claim against 24 Hour Fitness Worldwide, Inc. and 24

Hour Fitness USA, Inc. on account of an alleged personal injury accident suffered by Yoon Kim occurring on March 9, 2020 in Plano, Texas at a 24 Hour Fitness gym location (the "Claim");

G. WHEREAS Claimant seeks to modify the Plan Injunction so that Claimant may file a lawsuit in the district court for Collin County, Texas (the "State Court Action") and name the Reorganized Debtors as a nominal defendant therein, whereby Claimant will seek to liquidate the value of the Claim and to recover against available insurance proceeds under the Policy, if any;

H. WHEREAS the Parties seek to resolve this matter in the most cost- and time-efficient manner for Claimant and the Reorganized Debtors;

I. WHEREAS the Parties agree that it is in the best interests of the Reorganized Debtors and Claimant to modify the Plan Injunction to allow Claimant to file the State Court Action and name the Reorganized Debtors as nominal defendants in such State Court Action but not, for the avoidance of doubt, to prosecute the State Court Action against the Reorganized Debtors, subject in all respects to the terms of this Stipulation;

J. WHEREAS the Parties have agreed, subject to approval of the Court, to modify the Plan Injunction for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Court (the date of such approval, the "Effective Date").

2. Upon the Effective Date, the Plan Injunction, to the extent applicable, is hereby modified for the limited purpose of permitting Claimant to file the State Court Action, and name the applicable Reorganized Debtors as defendants in a nominal capacity in the State Court Action, to prosecute the State Court Action to final judgment and to pursue a recovery on any available insurance proceeds under the Policy against First Specialty or any other applicable insurance, in accordance with the terms hereof and Claimant shall not seek to enforce any judgment directly against the Reorganized Debtors in the State Court Action.

3. The Reorganized Debtors shall not have any direct or indirect obligation to satisfy any amounts that are determined to be due and owing to Claimant in connection with the State Court Action.

4. Except as otherwise provided herein, including a recovery pursuant to a timely filed Proof of Claim and pursuant to Reorganized Debtors' confirmed Plan, Claimant hereby agrees and acknowledges that: (a) Claimant fully, finally, and forever waives, releases, and discharges any right to collect from the Reorganized Debtors, their estates, and each of their respective officers, directors, employees, agents, and attorneys any amounts with respect to, or arising from, the State Court Action or the facts underlying the State Court Action; provided, that Claimant may name the Reorganized Debtors as a defendant in a nominal capacity in the State Court Action; (b) the Reorganized Debtors and their estates shall have no liability to Claimant, or obligation to satisfy any amounts due and owing to Claimant, in respect of the State Court Action or any judgment or settlement that may be obtained by Claimant in the State Court Action, provided, that for purposes of the State Court Action, the Reorganized Debtors named as defendants in the State Court Action may be found liable by the finder of fact, provided, further, that any judgment arising from such a finding of liability by the finder of fact in the State Court

Action will not be enforceable by Claimant as against any Reorganized Debtor, except as to available insurance proceeds, and, instead, such judgment will be a judgment against the Reorganized Debtors in a nominal capacity only; and (c) Claimant shall take no action to collect, liquidate, or foreclose against any property of the Reorganized Debtors or their estates at any time in respect of the State Court Action or any judgment entered therein.  Nothing herein is intended to or shall affect any applicable insurance coverage.

5. The Reorganized Debtors, their estates, or their successors shall not be required to pay or otherwise satisfy: (a) any self-insured retention or deductible liability; (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy; (c) any defense costs; (d) any judgment; or (e) any other costs of any kind arising out of the State Court Action, including, without limitation, costs associated with any discovery conducted during the State Court Action (collectively, the "Administrative Costs").

6. Plaintiff acknowledges and agrees that if any of the Reorganized Debtors shall be obligated to incur Administrative Costs as a condition for Plaintiff to otherwise recover from insurance proceeds under the Policy, if any, then (x) Reorganized Debtor shall be permitted to immediately re-institute the Plan Injunction by motion to the Bankruptcy Court and (y) Plaintiff shall not oppose, and shall be deemed to have consented, to such Motion; provided that in such instance, Plaintiff's rights (I) to liquidate the claims asserted by the Proofs of Claim in the Bankruptcy Court and (II) to receive distributions on account of such claims as Allowed General Unsecured Claims (to the extent such claims are allowed) in accordance with the Plan are each fully reserved.

7. All other provisions of the Plan Injunction, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding

against the Reorganized Debtors that was or could have been commenced prior to June 15, 2020 (the "Petition Date") other than as expressly set forth herein, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Reorganized Debtors other than as expressly set forth herein, shall remain in full force and effect.

8. Nothing in this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Reorganized Debtor regarding liability with respect to any claims or rights arising from or related to the State Court Action. No negotiations or writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Reorganized Debtor regarding liability with respect to any claims or rights arising from or relating to the State Court Action.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Court.

13. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

14. The Bankruptcy Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Stipulation.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 20, 2021
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Cristine Pirro Schwarzman (admitted *pro hac vice*)
Emily Kehoe (admitted *pro hac vice*)
Lindsay Lersner (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for the Reorganized Debtors*

Dated: May 20, 2021

**GELLERT, SCALI, BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*

Michael Busenkell
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814

*Attorney for Soon Kim*