**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RS FIT NW LLC,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-11568 (KBO)<br><br>**Objection Deadline:**<br>May 6, 2022 at 4:00 p.m. (ET)<br><br>**Hearing Date:**<br>May 24, 2022 at 9:00 a.m. (ET) |

**REORGANIZED COMPANY'S FORTY-SIXTH (SUBSTANTIVE) OMNIBUS**
**OBJECTION TO CERTAIN NO LIABILITY CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS AND SCHEDULES ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A ATTACHED HERETO.**

The above-captioned reorganized debtor in this chapter 11 case (the "Reorganized Debtor")[2] and All Day Holdings LLC (together with the Reorganized Debtor, the "Reorganized Company") respectfully represent as follows in support of this objection ("Objection"):

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is RS FIT NW LLC (9372). By order dated March 16, 2021 [RS FIT Docket No. 7], the remaining debtor affiliates' (the "Reorganized Debtors") chapter 11 cases were closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the confirmed *First Amended Joint Chapter 11 Plan of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors* [24 Hour Fitness Docket No. 1508, Ex. A] (the "Plan"), attached as Exhibit A to the *Order (I) Confirming First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors and (II) Granting Related Relief* [24 Hour Fitness Docket No. 1508] (the "Confirmation Order").

DOCS_DE:239037.1 00162/001

**Relief Requested**

1.      By this Objection, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Reorganized Company seeks entry of the proposed form of order attached hereto as **Exhibit A** (the "Proposed Order"), disallowing in full and expunging the claims listed on **Schedule 1**, annexed thereto.

2.      The Reorganized Company has identified certain proofs of claim listed in **Schedule 1** that fail to establish a legal or factual basis on which the Reorganized Debtors are liable (the "No Liability Claims"). Accordingly, the Reorganized Company hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging the No Liability Claims.

3.      In support of this Objection, the Reorganized Company submits the declaration of Michael Paykin, Managing Director at FTI Consulting, Inc. (the "Paykin Declaration"), annexed hereto as **Exhibit B**.

**Jurisdiction**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 and the Article XI of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the Reorganized

Company consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

5. On June 15, 2020 (the "Petition Date"), 24 Hour Fitness Worldwide, Inc. and its affiliated debtors in possession (each, a "Debtor" and collectively, the "Debtors") commenced voluntary cases under the Bankruptcy Code and were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 22, 2020, the Court entered the Confirmation Order confirming the Plan.

7. All conditions precedent to consummation of the Plan were either satisfied or waived in accordance with Article IX of the Plan, such that the Plan became effective on December 29, 2020, and as a result, the Plan has been substantially consummated, as that term is defined by section 1101(2) of the Bankruptcy Code. (*See Notice of Effective Date, and Entry of Order (I) Confirming First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness*

*Worldwide, Inc. and its Affiliated Debtors and (II) Granting Related Relief* [24 Hour Fitness Docket No. 1551][3] ("Notice of the Effective Date").)[4]

8. Pursuant to the Plan, the Reorganized Company was authorized to, among other things, file, withdraw, or litigate to judgment objections to Claims or Interests. (*See* Plan, Art. VII.B.)

**The Bar Dates**

9. On August 24, 2020, the Court entered the *Order (I) Establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (III) Establishing a Bar Date to File Requests For Payment of Postpetition Administrative Claims, (IV) Establishing an Amended Schedules Bar Date, (V) Establishing a Rejection Damages Bar Date, (VI) Approving the Form and Manner for Filing Proofs of Claim, (VII) Approving the Proposed Notice of Bar Dates, (VIII) Approving Procedures with Respect to Service of the Proposed Notice of Bar Dates, and (IX) Granting Related Relief* [24 Hour Fitness Docket No. 785] (the "Bar Date Order") which, among other things, established (i) October 2, 2020 at 5:00 p.m. (prevailing Eastern Time), as the deadline to file proofs of claim for persons or entities, not including Governmental Units as defined in 101(27) of the Bankruptcy Code (the "General Bar Date"), and (ii) December 12, 2020 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim for Governmental Units (the "Governmental Bar Date").

---

[3] Docket numbers refer to 24 Hour Fitness Worldwide, Inc. (20-11558 (KBO)) ("24 Hour Fitness") and RS FIT NW LLC (20-11568 (KBO)) ("RS FIT").

[4] Pursuant to the Purchase Transaction (as defined in the Plan), Debtors 24 Hours Holdings II LLC, 24 Hour Worldwide Inc., and 24 Hour Fitness United States, Inc. were dissolved after the Effective Date. (*See* Plan, Ex. B.)

DOCS_DE:239037.1 00162/001

10. On August 28, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs. (*See* [24 Hour Fitness Docket Nos. 801–820], collectively, the "Schedules".)

11. In accordance with the Bar Date Order, the Debtors caused notice of the General Bar Date and proof of claim forms to be served on, among others, the Debtors' known creditors and other known parties in interest as of the Petition Date. (*See Notice of Deadlines to File Proofs of Claim and Requests for Payment of Administrative Claims* [24 Hour Fitness Docket No. 839].)

12. The Plan and Confirmation Order established an administrative claims bar date of 90 days from the date of service of the Notice of the Effective Date as the deadline to file requests for payment of Administrative Claims, other than Professional Fee Claims and DIP Claims (each as defined in the Plan) (the "Administrative Claims Bar Date"). The Notice of the Effective Date was served on the core service list maintained by the Reorganized Debtor's claims and noticing agent and on all parties who have requested service of notices in this chapter 11 case pursuant to Bankruptcy Rule 2002.

**The Claims Process**

13. The Claims Register, prepared and maintained by Kroll LLC ("Kroll"), the Debtors' court-appointed claims and noticing agent, shows that over 27,000 Proofs of Claim were filed in these chapter 11 cases. The Reorganized Company, with the assistance of their advisors, are actively reviewing and reconciling the Proofs of Claim. The ongoing claims reconciliation process involves the collective effort of the Reorganized Company's employees, counsel to the

Reorganized Company, Ropes & Gray LLP and Pachulski Stang Ziehl & Jones LLP, the Reorganized Company's financial advisor, FTI Consulting Inc., and Kroll.

## Basis for Relief Requested

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

15. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74. Once the objecting party produces such evidence, the burden

shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

**The No Liability Claims**

16. The Reorganized Company has identified certain Proofs of Claim that, based on careful review and analysis of the Reorganized Debtors' books and records, fail to establish a legal or factual basis on which the Reorganized Debtors are liable, which are identified on **Schedule 1** to **Exhibit A** annexed hereto.

17. In evaluating the No Liability Claims, the Reorganized Company has thoroughly reviewed the Schedules, the Reorganized Debtors' books and records, the No Liability Claims, and the related supporting documentation provided by each Claimant, if any, and have determined that there are no obligations currently due and owing on the No Liability Claims, and there is no evidence that indicates the claimants hold a claim against the Reorganized Debtors. Therefore, there is no valid legal justification for asserting such No Liability Claims against the Reorganized Debtors.

18. Accordingly, pursuant to section 502(b)(1) of the Bankruptcy Code, the No Liability Claims identified on **Schedule 1** to **Exhibit A** annexed hereto are not enforceable against the Debtors or their property under any agreement or applicable law. Therefore, the Reorganized Company requests entry of an order disallowing and expunging the No Liability Claims listed on **Schedule 1** to **Exhibit A**.

DOCS_DE:239037.1 00162/001

**Responses to this Objection**

19. To contest the Reorganized Company's determinations with respect to the No Liability Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **May 6, 2022 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"). Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the following entities, so as to be actually received by no later than the Response Deadline:

| ROPES & GRAY LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| Ryan Preston Dahl | Laura Davis Jones |
| Eric M. Sherman | Timothy P. Cairns |
| 1211 Avenue of the Americas | Peter J. Keane |
| New York, New York 10036 | 919 North Market Street, 17th Floor |
| Email: ryan.dahl@ropesgray.com | P.O. Box 8705 |
| eric.sherman@ropesgray.com | Wilmington, Delaware 19899 |
| | Email: pkeane@pszjlaw.com |

20. Each Response to this Objection must, at a minimum, contain the following information:

   i. a caption setting forth the name of the Court, the name of the Reorganized Debtor, the above captioned case number, and the title of the Objection to which the Response is directed;

   ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   iv. all documentation and other evidence, to the extent it was not included with the Proof of Claim previously filed with the clerk or Claims Agent, upon which the claimant will rely to support the basis for and amounts asserted in the Proof of Claim and in opposing this Objection; and

  v.  the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Reorganized Company should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the No Liability Claim on behalf of the claimant.

21. If a claimant fails to timely file and serve a Response by the Response Deadline, the Reorganized Company will present to the Court an appropriate order disallowing and expunging the No Liability Claims without further notice to the claimant or a hearing.

22. The Reorganized Company may file and serve a reply to any Response in accordance with the Local Rules. The Reorganized Company reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**Separate Contested Matters**

23. To the extent a Response is filed regarding any claim listed in this Objection and the Reorganized Company is unable to resolve the Response, the objection by the Reorganized Company to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**Compliance with Local Rule 3007-1**

24. To the best of the Reorganized Company's knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**Reservation of Rights**

25.     The Reorganized Company hereby reserves the right to object in the future to any of the Proofs of Claim listed in this Objection on any ground, including, but not limited to 11 U.S.C. § 502(d), and to amend, modify, or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

26.     Notwithstanding anything contained in this Objection or the attached exhibits and schedules, nothing herein shall be construed as a waiver of any rights that the Reorganized Company may have to exercise rights of setoff against holders of such claims.

**Notice**

27.     Notice of this Objection has been provided to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee; (b) each of the claimants whose claim is subject to this Objection; and (c) all parties who have requested service of notices in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Reorganized Company respectfully submits that such notice is sufficient under the circumstances.

**No Previous Request**

28.     No previous request for the relief sought herein has been made by the Reorganized Company to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE the Reorganized Company respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 22, 2022
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

-and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Eric M. Sherman (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Attorneys for the Reorganized Company*