FILED

2022 MAY 11  AM 10: 42

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Clerk of the Court
824 North Market Street
Wilmington, Delaware 19899 - 3rd Floor

May 5, 2022

**Ref:** US Bankruptcy Court, District of Delaware
24 Hour Fitness, Chapter 11 Bankruptcy
REORGANIIZED COMPANY'S SEVENTH NOTICE OF CLAIMS SATIFIED IN FULL
Claim # 27563 John Bails & 27565 Constance Bails - Case 20-11568-KBO - DOC 461

**Encl:** Copy of the "SEVENTH NOTICE OF CLAIM SATIFIED"

February 2020, we paid 24 Hour Fitness, Fairfax Virginia, $2080.00, each for personal training sessions, in addition to be regular club membership cost. However, we were not able to use the personal sessions or the gym because the gym shut down due the COVID 19 pandemic.

Upon reopening the gym, we questioned the use of our personal training sessions and the manager informed us they did not know when they would rehire our trainers. He indicated that they may return to work in the fall of 2021. The trainers did not return as he suggested.

However, the trainers did contact us to let us know that they were not being rehired at 24-hour Fitness. As a result, my husband and myself returned to the manager at 24-Hour Fitness and requested reimbursement for the personal training sessions payments made in 2020.

The manager of the Fairfax 24-hour Fitness said they hey could not reimburse us because the gym had filed Chapter 11 Bankruptcy and all money transactions were on hold. After arguing back and forth, we were informed that the only way we may be reimbursed is to file a complaint, which we did. We electronically filed claims # 27565 and #27563.

We were provided the name and phone number for Prime Clerk, the organization that is managing the bankruptcy claims. We were told on more than one occasion that the claims were being processed. FOR OVER A YEAR, we called every month and were told different accounts of the status of the claims or provided no information at all.

Finally, we were told that our claims were being reclassified as unsecured, and we should just wait to hear from the assigned lawyers or the judge for instructions and or decisions.

After repeated calls to many sources within the 24 hours system, we received several notices of action. The last notice we received is a "SEVENTH NOTICE OF CLAIM SATIFIED." Again, we contacted Prime Clerk and asked, How can a claim be satisfied without any contact or decision with the customers? Not to mention that the lawyers filed the notice on 2/11/22, we received the notice on 2/28/22 with a deadline to respond on 2/25/22. Ridiculous!

We contacted Lisa, POC at Prime Clerk) again on March 21, 2022, who said she would find out what was going on with the claims, No response. April 27th, I called for her and she was not

available. I spoke to Andrew, who gave me the number for the lawyers and 24-hour fitness, Members Services. I called both numbers, no answers from the lawyers. Left voice mails, as I have done in the pass, without any response ever. I called Member Service again and was given another number. I called back I was unable get the Prime Clerk option line, but I spoke to a person name Patronia in the Caribbean who indicated they she could not help me. I tried to call Andrew again only to find that he had blocked my number. So, I called the main number again and spoke a person name Jenine who said she would have supervisor Ellen call me back, never happened. I also spoke to Roseann from Customer Service to no avail. I finally spoke to Mr. Sergey who did call me back. He said he is still looking into the situation, weeks later still no response.

Finally, last week I contacted the U.S. Office of the Trustee, who did return my call on April 27th and advised me to contact 24-hour fitness because the documentation indicated that **our claims has been assumed by 24-hour fitness.** Of course, we had no knowledge of such.

I called 24hours fitness and a recording indicated that the office was closed. I then called Prime Clerk again who passed me on to 24 Hour Fitness, Members Services again. Representative Venisha indicated that they had no updated information on the claims and said she cannot help me. She advised that I called Prime Clerk back for any information, which I did. Representative Lisa indicated that she is at the end of her knowledge and would forward the claim to another office. She advised me to respond to the Clerk of the Court.

We are requesting that the, United States Clerk of the Court, responsible for oversight of this process make sure that we are refunded the 2080.00 each, that we paid to 24-Hour Fitness for services that we did not receive.

Constance T. Bails, Ph.D.
703-303-1341
CTBAILS@aol.com

John D. Bails CWO3. USN. Retired
37917 Coppice Way
Dagsboro, Delaware 19939
571-220-2860
Jbails@aol.com

SRF 59744

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RS FIT NW LLC,<br><br>　　　　　　　Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-11568 (KBO)<br><br>Objection Deadline: February 25, 2022 at 4:00 p.m. (ET) |

**REORGANIZED COMPANY'S SEVENTH NOTICE OF CLAIMS SATISFIED IN FULL**

RS FIT NW LLC, the successor to debtor 24 Hour Fitness Worldwide, Inc. (the "Reorganized Debtor") and All Day Holdings LLC (together with the Reorganized Debtor, the "Reorganized Company"),[2] hereby respectfully submit this notice (the "Notice") identifying certain claims, as defined by section 101(5) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which have been fully satisfied by the Reorganized Company (together, the "Satisfied Claims," and such claimants, the "Satisfied Claimants"). In support of this Notice, the Reorganized Company respectfully states as follows[3]:

#### Background

1.  On June 15, 2020 (the "Petition Date"), each of the Reorganized Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.

2.  On June 16, 2020, the Court entered an order authorizing the Reorganized Debtor to appoint Prime Clerk, LLC ("Prime Clerk") as claims and noticing agent in these chapter 11

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is RS FIT NW LLC (9372). By order dated March 16, 2021 [Docket No. 7], the remaining reorganized debtor affiliates' (the "Reorganized Debtors") chapter 11 cases were closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

[2] Prior to the occurrence of the Effective Date (as defined below), the Reorganized Debtor was debtor and debtors-in-possession (collectively, with then debtor 24 Hour Fitness Worldwide Inc. and its affiliated debtors and debtors-in-possession, the "Debtors") in the above-captioned chapter 11 cases.

[3] Docket numbers cited herein refer to 24 Hour Fitness Worldwide, Inc. (20-11558 (KBO)).

1

cases [Docket No. 120]. Prime Clerk is authorized and directed to, among other things, (i) perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, (ii) serve as the custodian of court records, (iii) serve as the authorized repository for all proofs of claim filed in these chapter 11 cases, and (iv) maintain official claims registers for each of the Reorganized Debtors (collectively, the "Claims Register").

3.  On December 22, 2020, the Court entered the *Order (I) Confirming First Amended Joint Chapter 11 Plan of Reorganization of 24 Hour Fitness Worldwide, Inc. and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1508] (such underlying chapter 11 plan, the "Plan").[4] The Plan became effective on December 29, 2020 (the "Effective Date") [Docket No. 1551], and the Debtors became the Reorganized Debtors as of the Effective Date.

4.  The Reorganized Company and their advisors are in the process of reviewing and reconciling the Proofs of Claim with the Reorganized Debtors' books and records and the Schedules to determine the validity of such Proofs of Claim.

### The Satisfied Claims

5.  As a result of the Reorganized Company and their advisors' review of the Proofs of Claim filed in these chapter 11 cases, the Reorganized Company has determined that the Satisfied Claims, listed on **Exhibit A** attached to this Notice as filed with the Court, have been satisfied and that no further distributions are required on account of such Satisfied Claims. The Satisfied Claims consist of claims for obligations that were asserted as due and owing as of the Petition Date, but have been satisfied after the Petition Date.

6.  Each of the Satisfied Claims are Membership Agreement Claims. Pursuant to Article IV.S of the Plan, "[e]ach Membership Agreement to which the Debtors are a party as of

---

[4] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

2

the Effective Date shall be deemed an Executory Contract and shall be assumed by the Reorganized Company on behalf of the applicable Debtor effective as of the Effective Date unless such Membership Agreement was terminated pursuant to its terms. Any Cure Claims with respect to Membership Agreements shall be satisfied in kind in the ordinary course of the Reorganized Company's business through dues credits, extension of membership terms, or otherwise, as applicable." (*See* Plan, Article VI.S).

7. Each of the Satisfied Claims was assumed by the Reorganized Company and was not terminated pursuant to its terms and any Cure Claims are being satisfied in the ordinary course of the Reorganized Company's business. As a result, the Reorganized Company submits that each of the Satisfied Claimants has been assumed by the Reorganized Company pursuant to the Plan. This Notice is not an admission by the Reorganized Company that the amounts asserted on the Satisfied Claims are due and owing, rather the Satisfied Claims have been assumed by operation of the Plan and are being satisfied in the ordinary course.

8. As no amounts are owed on account of the Satisfied Claims and to ensure the accuracy of the Claims Register, absent compliance with the procedures listed below, the Satisfied Claimant will be deemed to have consented to this Notice and the Reorganized Company's determination with respect to its Satisfied Claim. Prime Clerk will then be immediately authorized to update the Claims Register with respect to each of the Satisfied Claims in conformity with this Notice without further notice or order of the Court.

### Responses to this Notice

9. Any Satisfied Claimant who disputes the Reorganized Company's determination that its Satisfied Claim has been satisfied in full must file a written response (the "Response") with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware, 3rd Floor, 19801. In

addition, such Satisfied Claimant must serve its Response upon the following so as to be actually received by no later than February 25, 2022 at 4:00 p.m. (prevailing Eastern Time) (the "Response Deadline"):

> ROPES & GRAY LLP
> Ryan Preston Dahl (admitted *pro hac vice*)
> Eric M. Sherman (admitted *pro hac vice*)
> 1211 Avenue of the Americas
> New York, New York  10036
> Email: eric.sherman@ropesgray.com
>
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (DE Bar No. 2436)
> Timothy P. Cairns (DE Bar No. 4228)
> Peter J. Keane (DE Bar No. 5503)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Email: pkeane@pszjlaw.com

10. Each Response to this Notice must, at a minimum, contain the following information:

   a. a caption setting forth the name of the Court, the name of the Reorganized Debtor, the lead case number, and the title of the Notice to which the Response is directed;

   b. the name of the Satisfied Claimant, the claim number or scheduled number, and a description of the basis for the amount of the Satisfied Claim that the Satisfied Claimant is contesting has not been satisfied, if applicable;

   c. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Notice;

   d. all documentation and other evidence in support of the Satisfied Claim, not previously filed with the Court or Prime Clerk, upon which the Satisfied Claimant will rely in opposing this Notice; and

   e. the name, address, telephone number, fax number and/or email address of the person(s) (which may be the Satisfied Claimant or the Satisfied Claimant's legal representative) with whom counsel for the Reorganized Company should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve

4

any issues relating to the Satisfied Claim on behalf of the Satisfied Claimant.

11.     Upon the Reorganized Company's receipt of a Response, the Reorganized Company will determine whether there is a basis upon which to sustain the Satisfied Claimant's assertion that its Satisfied Claim has not in fact been satisfied. In the event the parties are unable to reach a resolution, the Reorganized Company may schedule a hearing on the Satisfied Claim. The Reorganized Company reserves the right to contest any new assertions of liability against the Reorganized Company made by Satisfied Claimants with respect to their Satisfied Claims.

12.     If a Satisfied Claimant fails to file and serve a timely Response by the Response Deadline, (a) the Satisfied Claimant is deemed to have consented to this Notice and the Reorganized Company's determination with respect to its Satisfied Claim, as set forth herein, and (b) Prime Clerk shall immediately, and without further notice to any party (including the Satisfied Claimant), mark such Satisfied Claim as fully satisfied on the Claims Register.

### Reservation of Rights

13.  The Reorganized Company expressly reserves all of its rights with regard to the Satisfied Claims, including the rights to amend, modify, or supplement this Notice, or to otherwise object to the Satisfied Claims.

| | |
|---|---|
| Dated: February 11, 2022<br>Wilmington, Delaware | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>/s/ Peter J. Keane<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Ryan Preston Dahl (admitted *pro hac vice*)<br>Eric M. Sherman (admitted *pro hac vice*)<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br><br>*Attorneys for the Reorganized Company* |