**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**RS FIT NW LLC.,** *et al.*,[1]<br><br>                **Debtors.** | Chapter 11<br><br>Case No. 20-11568 (KBO)<br><br><u>Objection Deadline:</u><br>June 8, 2022 at 4:00 p.m. (ET)<br>Docket #603<br><br><u>Hearing Date:</u><br>June 28, 2022 at 9:00 a.m. (ET) |

**RESPONSE OF KIMCO REALTY CORPORATION TO REORGANIZED COMPANY'S FORTY-SEVENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO (I) RECLASSIFY CERTAIN MISCLASSIFIED CLAIMS AND (II) REDUCE CERTAIN CLAIMS**

      Kimco East Bank 689, Inc., Kimzay of Florida, Inc., PK I Gresham Town Fair LLC, and PK II Brookvale SC LP, all affiliates of Kimco Realty Corporation (collectively, the "**Landlords**"), by their attorneys, hereby submit this *Response to Reorganized Company's Forty-Seventh (Substantive) Omnibus Objection to (I) Reclassify Certain Misclassified Claims and (II) Reduce Certain Claims* (the "**Forty-Seventh Omnibus Objection**," ECF No. 603), and respectfully state as follows:

      1.      Certain of the Debtors and the Landlords were parties to leases[2] for non-residential real property located in Aurora, Colorado; Orlando, Florida; Gresham, Oregon; and Fremont, California, which were rejected by the Debtors. *See* ECF No. 492.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is RS FIT NW LLC (9372). By order dated March 16, 2021 [RS FIT Docket No. 7], the remaining debtor affiliates' (the "<u>Reorganized Debtors</u>") chapter 11 cases were closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

[2] Because the leases and the related documentation are voluminous and within the Reorganized Debtor's possession, they have not been attached to this response but can be provided upon request.

2. On or about October 2, 2020, the Landlords timely filed proofs of claims for payment of prepetition rent, rejection damages, and administrative expenses for postpetition rent (claims nos. 24322, 24323, 24674, and 24676) (the "**Landlords' Claims**").

3. On or about May 25, 2022, the Reorganized Debtor filed the Forty-Seventh Omnibus Objection seeking to, *inter alia*, disallow in part and reduce the Landlords' Claims, specifically, the administrative expense component of each of the Landlords' Claims.[3]

4. Under § 365(d)(3) of the Bankruptcy Code, the "trustee shall timely perform all obligations of the debtor . . . arising from and after the order for relief under any unexpired lease . . . until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

5. The Landlords, however, have been unable to verify in their books and records receipt of any payment by the Debtors of the administrative expense components of the Landlords' Claims amounts, and Debtors have not provided any documentation that those administrative expenses have been satisfied.

6. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "Upon the filing of an objection to a properly filed proof of claim, the burden of going forward shifts from the claimant to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. If a claim is facially valid, the objector must bring forward evidence that undercuts at least one necessary element of the claim." *In re W.R. Grace & Co.*, 626 B.R. 217, 235 (Bankr. D. Del. 2021) (citation and internal quotation marks omitted).

7. In the Forty-Seventh Omnibus Objection, the Reorganized Debtor merely states that it is seeking reduction of the Landlords' Claims "to reflect the amount owed per the Debtor's

---

[3] The administrative expense component of each of Landlords' Claims includes, among other charges, rent, insurance, and common area maintenance charges.

DB1/ 130759405.1

books and records." The Reorganized Debtor provides no specific evidence that would support these proposed reductions. Thus, the Reorganized Debtor has failed even to shift the burden to the Landlords to prove the validity of their claims.

8. Although the Landlords will continue to review their books and records and believe that they can consensually reconcile the Landlords' Claims, the Reorganized Debtor has not presently met its evidentiary burden to support the reduction and disallowance in part of the Landlords' Claims, and the Landlords fully reserves all rights they have with respect to those claims.

**WHEREFORE**, the Landlords respectfully request the Court deny the Reorganized Debtor's Forty-Seventh Omnibus Objection as to the Landlords' Claims, and grant such other and further relief as the Court deems just and proper.

[rest of page left intentionally blank]

|  |  |
|---|---|
| Dated: June 7, 2022<br>Wilmington, Delaware | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>By:  */s/ Jody C. Barillare*<br>Jody C. Barillare, Esq. (#5107)<br>Morgan, Lewis & Bockius LLP<br>1201 N. Market Street, Suite 2201<br>Wilmington, Delaware 19801<br>Telephone: (302) 574-3000<br>Facsimile: (302) 574-3001<br>jody.barillare@morganlewis.com<br><br>-and-<br><br>Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178-0600<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>craig.wolfe@morganlewis.com<br><br>-and-<br><br>Matthew Kent Stiles, Esq.<br>One State Street<br>Hartford, CT 06103<br>Telephone: (860) 240-2700<br>Facsimile: (860) 240-2701<br>matthew.stiles@morganlewis.com<br><br>*Attorneys for Kimco Realty Corporation and affiliates* |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 7, 2022, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system and thereby served on those parties having consented to electronic service.

                                                    */s/ Jody C. Barillare*
                                                    Jody C. Barillare, Esq.