**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RS FIT NW LLC,<br><br>      Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 20-11568 (KBO)<br><br>**Re: Docket No. 604** |

**ORDER REGARDING CLAIM OF JESSICA WILLIAMS INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED IN CONNECTION WITH REORGANIZED COMPANY'S FORTY-EIGHTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS**

Upon consideration of the *Reorganized Company's Forty-Eighth (Substantive) Omnibus Objection To Certain No Liability Claims*, dated May 25, 2022 (the "Objection")[2] and the *Certification of Counsel for Order Regarding Claim of Jessica Williams Individually and on Behalf of All Others Similarly Situated in Connection with Reorganized Company's Forty-Eighth (Substantive) Omnibus Objection To Certain No Liability Claims*, filed by of RS FIT NW LLC in the above-captioned chapter 11 case (the "Reorganized Debtor"), and All Day Holdings LLC (together with the Reorganized Debtor, the "Reorganized Company"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, as applicable, is RS FIT NW LLC (9372). By order dated March 16, 2021 [RS FIT Docket No. 7], the remaining debtor affiliates' (the "Reorganized Debtors") chapter 11 cases were closed. The Reorganized Debtors' corporate headquarters and service address is 24 Hour Fitness USA, Inc., 1265 Laurel Tree Lane, Carlsbad, CA 92011.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

Delaware (the "Local Rules"), for entry of an order disallowing and expunging certain Proofs of Claim and Claims on the Debtors' Schedules, all as more fully set forth in the Objection; and upon consideration of the Paykin Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Objection; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Reorganized Company, the Reorganized Debtors, the Debtors' estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted as provided herein.

2. Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, Proof of Claim No. 22277, filed by Jessica Williams, individually and on behalf of all others similarly situated, is disallowed and expunged in its entirety. Proof of Claim No. 21323,

filed by Jessica Williams, is allowed and shall be treated in accordance with Article III.B.5 of the Plan.

3. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced or identified in the Objection that is not subject to this Order, and all rights to object to or defend against such claims on any basis are expressly reserved.

4. Should one or more of the grounds of objection stated in the Objection be dismissed, the Reorganized Company's rights to object on any other grounds that the Reorganized Company discovers during the pendency of this chapter 11 case is preserved.

5. The Reorganized Company and the Debtors' claims and noticing agent, Kroll, and the Clerk of this Court are authorized to take all steps necessary or appropriate to carry out this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 8th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE