**UNITED STATES DISTRICT COURT AND**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE:

RS FIT NW LLC,

Debtor.

**RHONDA HUDSON,**

Movant,

**RS FIT NW LLC,**

Respondent.

---

**Bankruptcy Case No.:** 20-11568

**Civil Action No.:** 2400448

# MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

## I. INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

COMES NOW, Rhonda Hudson ("Movant"), appearing pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 60(b) for relief from the judgments entered by the United States Bankruptcy Court for the District of Delaware on or about March 2024 in Case No. 20-11568 (KBO) and by the United States District Court for the District of Delaware on or about March 2025 in Civil Action No. 24-00448 (GBW). Movant specifically requests that this Court:

1.  Vacate or modify the judgments entered by the Delaware Bankruptcy Court and Delaware District Court;

2.  Properly apply New York employment and labor law to Movant's claims against the Debtor;

**Page 1**

3. Award appropriate damages to Movant in accordance with New York employment and labor law; and Federal law and

4. Grant such other and further relief as this Court deems just and proper.

This Motion is based upon the following grounds under Federal Rule of Civil Procedure 60(b):

- Mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1);

- Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 60(b)(2);

- Fraud, misrepresentation, or misconduct by the opposing party under Rule 60(b)(3); and

- Any other reason that justifies relief under Rule 60(b)(6).

## II. FACTUAL BACKGROUND

1. Movant, Rhonda Hudson, is an individual residing at 909 Third Avenue # 7912, New York, N.Y. 10150.

2. Respondent, RS FIT NW LLC ("Debtor"), is a Delaware limited liability company that operated fitness facilities, including in New York City where Movant was employed.

3. On or about August 7, 22023 Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 20-11568 (KBO).

4. Movant timely filed a proof of claims in the bankruptcy proceeding asserting various claims under New York employment and labor law, Federal law including but not limited to unpaid wages, spread of hours pay, split shift compensation, and other statutory claims arising from Movant's employment with Debtor in New York City.

5. Movant appeared pro se in the bankruptcy proceedings and subsequent appeal.

6. On or about March 2024, the Bankruptcy Court entered a judgment or order that failed to properly apply New York employment and labor law to Movant's claims.

7. Movant timely appealed the Bankruptcy Court's decision to the United States District Court for the District of Delaware, Civil Action No. 24-00448 (GBW).

8. On or about March 2025, the District Court entered a judgment or order affirming the Bankruptcy Court's decision, which likewise failed to properly apply New York employment and labor law to Movant's claims.

9. In September/October 2025, Movant discovered new evidence that was not previously available to her, including specific provisions of the employee handbook and New York State Senate Bill S7096, which directly contradict the courts' findings and the Debtor's representations.

## III. GROUNDS FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

### A. Rule 60(b)(1) - Mistake, Inadvertence, Surprise, or Excusable Neglect

10. The Delaware Bankruptcy Court and District Court made significant mistakes in the application of New York employment and labor law to Movant's claims, including but not limited to:

    a. Misinterpreting the definition of a "workday" under New York labor law;

    b. Misapplying New York's spread of hours and split shift regulations;

    c. Incorrectly determining Movant's job classification and responsibilities; and

    d. Failing to properly calculate wages and other compensation due under New York labor law.

11. These mistakes resulted in an erroneous judgment that deprived Movant of compensation rightfully due under New York employment and labor law.

12. As a pro se litigant unfamiliar with complex bankruptcy and employment law procedures, Movant was at a significant disadvantage in presenting the technical legal arguments necessary to fully articulate the application of New York employment law to her claims.

### B. Rule 60(b)(2) - Newly Discovered Evidence

13. In September/October 2025, Movant discovered new evidence that was not previously available to her despite reasonable diligence, including:

    a. Specific provisions of the employee handbook that directly contradict the Debtor's representations regarding:

        i. The definition of a workday;

        ii. Movant's job title and responsibilities;

        iii. Requirements to pay for breaks; and

        iv. The ability to hold more than one position.

    b. The need to prevent abuse of the New York Spread of Hours and Split Shift rule demonstrates that:

    i. The bill aims to create a minimum of three hours between shifts when ending and starting a new shift on the same day;

    ii. The New York Spread of Hours and Split Shift rule is not silent on the required number of hours between shifts to qualify for payment, as suggested by the courts; and

    iii. New York State has deliberately chosen not to place limits on those hours and is now considering placing a minimum of 3 hours between shifts.

14. This newly discovered evidence directly contradicts the courts' findings and the Debtor's representations, and would likely have resulted in a different outcome had it been available and presented during the original proceedings.

**C. Rule 60(b)(3) - Fraud, Misrepresentation, or Misconduct by Opposing Party**

15. The Debtor, through its representative Katie Healon, made false and misleading representations to the courts regarding:

    a. The definition of a workday under New York labor law and company policy;

    b. Movant's job titles and responsibilities;

    c. The proper calculation and application of New York's spread of hours and split shift regulations; and

    d. Other material facts relevant to Movant's employment claims.

16. These misrepresentations were material to the courts' decisions and resulted in judgments that failed to properly apply New York employment and labor law to Movant's claims.

17. The Debtor's misrepresentations prevented Movant from fully and fairly presenting her case and obtaining the relief to which she was entitled under New York employment and labor law.

**D. Rule 60(b)(6) - Any Other Reason Justifying Relief**

18. The interests of justice strongly favor granting relief from the judgments to ensure that Movant's claims are properly evaluated under the correct application of New York employment and labor law and Federal law.

19. The failure to properly apply New York employment and labor law to Movant's claims has resulted in a substantial injustice that can only be remedied by vacating or modifying the judgments.

## IV. SUPPORTING EVIDENCE

20. Movant has the following evidence to support this Motion:

    a. Employee handbook provisions that directly contradict the Debtor's representations and the courts' findings regarding:

        i. The definition of a workday;

        ii. Movant's job title and responsibilities;

        iii. Requirements to pay for breaks; and

        iv. The ability to hold more than one position.

    b. New York State Senate Bill S7096, which demonstrates that the New York Spread of Hours and Split Shift rule is not silent on the required number of hours between shifts to qualify for payment, as suggested by the courts.

**Page 4**

    c.    Pay stubs, employment records, and calculations showing unpaid wages and other compensation due under New York employment and labor law.

    d.    Documentation of false testimony by Katie Healon regarding Movant's job responsibilities and the application of New York's spread of hours and split shift regulations.

21. Movant's overnight positions entailed multiple responsibilities that were different from the position the Debtor falsely claimed Movant held, which was specifically not an overnight position.

22. Movant only claimed missing spread of hours/split shift pay for the days that she ended work and returned on the same day, and not on the days that she only worked overnight but did not come back to work on the same day, consistent with New York labor law.

## V. LEGAL ANALYSIS - MISAPPLICATION OF NEW YORK EMPLOYMENT LAW

### A. New York Labor Law Violations Not Properly Considered

23. New York Labor Law Article 6 governs the payment of wages and provides specific protections for employees working in New York State.

24. New York Labor Law § 190 defines "wages" and "supplements" in a manner that encompasses the compensation Movant claims was improperly denied.

25. New York Labor Law § 191 establishes the frequency of wage payments and other requirements that were not properly applied to Movant's claims.

26. The courts failed to properly consider and apply these provisions of New York labor law to Movant's claims, resulting in an erroneous judgment.

### B. Spread of Hours and Split Shift Calculations

27. New York Labor Law § 650 and the implementing regulations at 12 N.Y.C.R.R. Part 142 establish the spread of hours and split shift requirements applicable to Movant's employment.

28. Under these provisions, an employee is entitled to an additional hour of pay at the minimum wage rate when the spread of hours exceeds 10 hours or when the employee works a split shift.

29. The courts misinterpreted and misapplied these provisions by accepting the Debtor's false representations regarding how the spread of hours and split shift regulations should be calculated and applied.

30. New York State Senate Bill S7096, which Movant recently discovered, confirms that the New York Spread of Hours and Split Shift rule is not silent on the required number of hours between shifts to qualify for payment, as suggested by the courts, but rather has deliberately chosen not to place limits on those hours.

**Page 5**

### C. Wage Payment Requirements

31. New York labor law establishes specific requirements for the payment of wages, including overtime, spread of hours pay, and other compensation.

32. The courts failed to properly apply these requirements to Movant's claims, resulting in an erroneous judgment that deprived Movant of compensation rightfully due under New York employment and labor law.

### D. Job Classification and Responsibilities

33. The proper classification of an employee's job and responsibilities is critical to determining the wages and other compensation due under New York employment and labor law.

34. The courts accepted the Debtor's false representations regarding Movant's job title and responsibilities, which directly contradicted the provisions of the employee handbook that Movant recently discovered.

35. This misclassification resulted in an erroneous judgment that failed to properly calculate the wages and other compensation due to Movant under New York employment and labor law.

## VI. TIMELINESS ANALYSIS UNDER RULE 60(c)

36. Federal Rule of Civil Procedure 60(c) provides that a motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.

37. The judgments at issue were entered by the Delaware Bankruptcy Court in March 2024 and by the Delaware District Court in March 2025.

38. Movant discovered new evidence in September/October 2025, which was after the entry of both judgments.

39. For relief sought under Rule 60(b)(1), (2), and (3) based on the District Court judgment entered in March 2025, this Motion is timely as it is being filed within one year of that judgment.

40. For relief sought under Rule 60(b)(1), (2), and (3) based on the Bankruptcy Court judgment entered in March 2024, more than one year has elapsed. However, Movant submits that the one-year limitation should be equitably tolled because:

    a. The newly discovered evidence was not available to Movant despite reasonable diligence;

    b. The Debtor's fraud and misrepresentations prevented Movant from discovering the evidence earlier; and

    c. The interests of justice strongly favor considering the Motion on its merits.

41. For relief sought under Rule 60(b)(6), which is not subject to the one-year limitation, this Motion is being filed within a reasonable time after the discovery of the new evidence and the realization of the courts' errors in applying New York employment and labor law.

VI (a). ADITIONAL POINTS OF CONSIDERATION

Bankruptcy does not prohibit from wage theft liability - 11 U.S.C.

11 U.S.C. 523(a)(6), 523 (a)(4), 507(a)(4) & 1129(b)

Case Law – Benshot, LLC v. Monkey Trading LLC (11th Cir. 2025)

This case confirms that debts arising from fraud or willful and malicious injuries ( which includes wage theft are not dischargeable even for corporate debtors.

Moreover an Employer is still responsible for its illegal discrimination and is not relieved of its responsibly through bankruptcy.

## VII. JURISDICTIONAL CONSIDERATIONS

42. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, which provides for jurisdiction over civil proceedings arising under, arising in, or related to cases under the Bankruptcy Code.

43. Additionally, 28 U.S.C. § 158 provides for jurisdiction over appeals from bankruptcy courts.

44. Movant acknowledges the complexity of filing this Motion in the appropriate court given the prior proceedings in both the Delaware Bankruptcy Court and the Delaware District Court.

45. Out of an abundance of caution, Movant is filing this Motion in this Court based on the fact that the underlying employment relationship and alleged violations of New York employment and labor law occurred in New York, where Movant resides and was employed by the Debtor.

46. Court or the Movant respectfully requests that this Court transfer the Motion to the appropriate court rather than dismissing it.

## VIII. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Movant Rhonda Hudson respectfully requests that this Honorable Court:

1. Grant this Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b);

2. Vacate or modify the judgments entered by the Delaware Bankruptcy Court on or about March 2024 and by the Delaware District Court on or about March 2025;

3. Properly apply New York employment and labor law to Movant's claims against the Debtor;

4. Award appropriate damages to Movant in accordance with New York employment and labor law;

**Page 7**

5.  If necessary, transfer this Motion to the appropriate court for consideration; and

6.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 17, 2026

Rhonda Hudson, Pro Se

909 Third Avenue # 7912

New York, N.Y. 10150

917-304-0446

hudson_rhonda@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026  I caused a true and correct copy of the foregoing Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) to be served upon the following parties by United States Postal mail.

Honorable Karen  B. Owens

United States Bankruptcy Court – District of Delaware

824 N. Market Street

3rd Floor

Wilmington, DE. 19801

The Honorable Gregory B. Williams

 United States District Court

844 King Street

Wilmington, Delaware 19801-3570

Courtroom 6B

Eric. M. Sherman, Ryan Preston Dahl

Ropes & Gray LLP

1211 Avenue of the Americas

New York, NY 10036


Laura David Jones, Timothy P. Cairns, Peter J. Keane,

Pachulski Stang Ziehl & Jones LLP

919 North Market Street, 17th Floor

P.O. Box 8705

Wilmington DE 19899


Rhonda Hudson, Pro Se

909 Third Avenue # 7912

New York, NY 10150

